IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Linda Powell, as Personal Representative of the Estate of Ronald Jenkins,<br><br>                       Plaintiff,<br><br>     vs.<br><br>Al Cannon, Kristin Graziano, Lieutenant F. Ferguson, Sergeant C. Covington, Deputy P. Foster, Nicholas Vecchione, Sean Stanton, Mitch Lucas, Capt. R. Williams, Deputy John Doe, Deputy Jack Doe, Deputy Jim Doe, Charleston County Sheriff's Office ("CCSO") Kristin Graziano and Al Cannon in their official capacities as Sheriffs of Charleston County, and Charleston County,<br><br>                Defendants. | C. A. No.: 2:23-cv-02175-DCN<br>    _____<br><br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

The Plaintiff, by and through the undersigned attorneys and complaining of the Defendant, hereby allege the following facts:

## JURISDICTION AND VENUE

1)  The Plaintiff brings this claim as the incident that gives rise to this action occurred in Charleston County.  The Plaintiff further invokes this Court's concurrent jurisdiction to hear claims arising under the United States Constitution and federal statutes, 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

## PARTIES

2)  Plaintiff Linda Powell, as Personal Representative of the Estate of Ronald Jenkins, is the party bringing this suit.  Plaintiff is a citizen and resident of South Carolina and brings these

Survival and Wrongful Death claims.

3)    The Defendants, Al Cannon, Kristin Graziano, Lieutenant F. Ferguson, Sergeant C. Covington, Deputy P. Foster, Nicholas Vecchione, Sean Stanton, Mitch Lucas, Capt. R. Williams, Deputy John Doe, Deputy Jack Doe and Deputy Jim Doe are believed to be citizens and residents of Charleston County, were employees and/or agents of the Charleston County Sheriff Office (CCSO) and/or Charleston County at all times alleged in this Complaint.  At all releveant times herein they were acting under color of state law and within the scope and course of their employment with .  All of these supervisory Defendants are sued in the their indiviudal capacities for compensatory and punitive damages and were responsible for ensuring the training and supervision of CCSO Deputies, including Deputy Jason Barry with respect to the use of the official vehicles for the last ten (10) years.

4)    Deputy John Doe, Deputy Jack Doe and Deputy Jim Doe, whose identities are known but whose actual names are unknown at this time, were the CCSO Deputies responsible for ensuring the training and supervision of CCSO Deputies, including Deputy Jason Barry with respect to CCSO Deputies' use official/County vehicles for the last ten (10) years.

5)    Defendant Charleston County Sheriff's Office ("CCSO") and Kristin Graziano and Al Cannon, in their official capacities as Sheriffs of Charleston County, is/are a governmental entity(ies) organized and existing pursuant to the laws of the State of South Carolina and is located within Charleston County who acted by and through its agents / employees, and Deputies, including, but not limited to, Deputy Barry, and its primary and final policymakers Sheriffs Kristin Graziano and Al Cannon.

5)    Defendant Charleston County ("Charleston County") is a governmental agency/entity existing under the laws of the State of South Carolina and located in Charleston

County, South Carolina who at all times acted by and through its agents, servants, and/or employees including, but not limited to:

      a.   Its primary policymakers Charleston County Council and the County Administrator as County Council serves as a link between County government and the citizens, municipalities and agencies located within Charleston County, and also represents the area's concerns and interests. Charleston County and its Council also budgets for, purchases, owns, maintains, insures, entrusts and furnishes the patrol vehicles and equipment ("County Vehicles") used by CCSO and its Deputies, (including the County Vehicles used by Deputy Barry), as well as budgets for and provides funding for the entirety of the operations of the CCSO, (roughly $80 million for 2021) that includes, as employees of the County, all Deputy training and salaries, for the benefit and public safety of the citizens of the County of Charleston; and

6)     This Court has subject matter jurisdiction over all claims alleged and personal jurisdiction over the parties.

7)     Plaintiffs bring these survival, wrongful death and civil rights actions on behalf of the decedents and their heirs and statutory beneficiaries pursuant to S.C. Code Ann. § 15-51-90, § 15-5-10, 42 U.S.C. § 1983 and 42 U.S.C. § 1988 as well as the common law of South Carolina.

8)     Venue is proper in that a substantial part of the acts and omissions alleged herein occurred in Charleston County, South Carolina.

      a.   On January 3, 2021, two people were killed when their vehicle was hit by a CCSO vehicle on Highway 17 near Bee Hive Road. The Deputy was traveling at an incredible 130 MPH and was later cited for driving too fast for conditions.

42)     Defendants certainly knew and know of each of these instances and every other involving County Vehicles furnished and entrusted to CCSO and its Deputies as all claims related to damage to County Vehicles are handled through the Charleston County Administrator, as well as many of these collisions have resulted in litigation.

43)     Further, Charleston County collects and archives all Deputy Driving Data such that every minute of Deputy driving can be easily retrieved, reviewed, and audited at any time to see each and every time a Deputy was either speeding and/or improperly using his/her vehicle.

44)     The existence of Deputy Driving Data means that every act of dangerous and unlawful Deputy driving behavior, including those engaged in reckless and unlawful speeding, is at all times captured, known, and easily reviewable by these Defendants.

45)     Upon information and belief, per past and current CCSO policy and custom, the only time anyone ever reviews Deputy Driving Data is after a Deputy has caused a crash with their County Vehicle, and even then, the after-the-fact investigations of Deputy Driving Data are incredibly limited to the crash itself and not the entire driving history of the Deputy(ies) involved in the crash at issue.

46)     In addition, CCSO had a policy whereby the County Vehicle video cameras were set so that they would not automatically record the driving of any Deputy unless and until a County Vehicle exceeded an incredible 90 mph.

47)     This unreasonable and dangerously high setting for automatic recording of Deputy driving of County Vehicles at 90 mph or faster, implicitly encouraged unlawful speeding up to 89 mph without the use of emergency lights or sirens.

48)      Together, these then existing, policies, customs, actions and inactions by Defendants CCSO and Charleston County have created a culture and conditions whereby Deputies know that there is non-review, tacit approval and acceptance for any of their dangerous and/or unlawful driving of County Vehicles and as such, making it foreseeable to Defendants that more people on the road will suffer injuries and death from the ongoing and future dangerous misuse of County Vehicles by CCSO Deputies.

49)     This tacit condonation and ongoing community safety problem of the dangerous misuse of County Vehicles by Deputies, was made expressly known to Defendants in 2020. (*See Eichman v. Rissanen, CCSO and Town of James Island, USDC South Carolina – Charleston Division 2:20-cv-04057*).

50)     More importantly, as the above listing of crashes and pending litigation shows, Defendants had actual knowledge that these policies, customs, actions, and inactions by Defendants were and are causing injuries and death and violations of citizens' 14th Amendment rights of bodily integrity.

51)     Despite this extensive history and knowledge of dangerous Deputy driving, set forth above, upon information and belief, there has been a complete absence of any review of any Deputy Driving Data; any monitoring, supervision, disciplining, reporting, re-training and/or investigation of Deputies and their dangerous driving by any of these Deputies so as to ratify and condone this often dangerous misuse of County Vehicles that are causing injuries and death and violations of citizens' 14th Amendment rights of bodily integrity.

52)     Upon information and belief, the only time there is or has been any investigation into the dangerous misuse of County Vehicles by any Deputy or review of any Deputy Driving Data is only after a Deputy has caused a crash, and even then, the after-the-fact investigations are incredibly     limited to the collision itself and not the driving history of the Deputy at issue.

53)     This complete absence of supervision and review by these Defendants is borne out by the very investigation into the senseless death of Plaintiff's Decedent as these Defendants were aware the culture of non-compliance by nearly all deputies in the CCSO for years but never taking any action until there was a lawsuit.

54)     As a direct and proximate result of any one or more of the acts and/or omissions

of any one or more of the Defendants as alleged herein, Plaintiff's Decedent suffered catastrophic injuries with conscious pain and suffering that ultimately resulted in his death.

### FOR A FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 Monell Liability)**

55)     All allegations made in the preceding paragraphs are re-alleged as if fully set forth herein.

56)     CCSO and its final policymaker Sheriff Graziano and former Sheriff Cannon, are/were County actors for the purposes of 42 U.S.C. § 1983 liability for any one or more of the following reasons:

a)      Due to the unique legal structure of the CCSO (and Sheriffs Graziano and Cannon) neither Charleston County nor the State nor any other governmental entity has any direct supervisory control over CCSO Deputies and policies relating to same, especially those as to administrative matters such as supervision of Deputy driving; and

b)      Specifically, the policies of Sheriffs Graziano and Cannon as to their supervision and training of their Deputies and their driving, especially as to responding to non-law enforcement calls, is purely an administrative matter, and is theirs alone as the final policymaker because no other governmental entity or person has such authority on this particular issue.

57)     CCSO is thus an entity capable of being sued pursuant to 42 U.S.C. § 1983 for any one or more of the following reasons:

a)      The State of South Carolina Treasury will not and does not pay or satisfy or is any way responsible for any judgment rendered against CCSO; and

b)      Every aspect of the operations of the CCSO is budgeted for, funded, and

paid for by the County, including, the training, salaries, and benefits of its Deputies who are classified and paid as County employees; and

c)    This funding by Charleston County includes the responsibility to insure and indemnify CCSO, Sheriffs Graziano and Cannon, and Deputies and as such, Charleston County, is liable for any judgment rendered against them pursuant to 42 U.S.C. § 1983.

58)    Charleston County is therefore liable for any judgment pursuant to 42 U.S.C. § 1983 rendered against CCSO, Sheriff Graziano and Cannon, and/or their agents and Deputies.

59)    At all times material to this Complaint, CCSO acting by and through Sheriffs Graziano and Cannon and their agents and Deputies, as set forth *supra*, were at all times acting under color of state law.

60)    Through the policies, customs, actions, and inactions as alleged *supra*, and the dangerous misuse of County Vehicles by Deputies and documented in the Deputy Driving Data related to same, Defendant CCSO and its policymaker Sheriffs Graziano and Cannon had both actual and constructive knowledge that Charleston County citizens and others on its roads in Charleston County had and were experiencing recurrent and numerous violations of their 14th Amendment rights by the dangerous misuse of County Vehicles by Deputies pursuant to these policies, customs, actions and inactions.

61)    These policies, customs, actions, and inactions by CCSO as alleged *supra*, implicitly ratified this dangerous misuse of County Vehicles by Deputies, and created a culture whereby Deputies, including Deputy Barry, knew that there was no supervision, monitoring, and/or accountability for their dangerous misuse of County Vehicles unless and until that driving resulted in a property loss, injury, or loss of life, including 14th Amendment violations.

62)     At all times material to this Complaint, and as alleged *supra*, Defendant CCSO County, acting by and through Sheriffs Graziano and Cannon, its policymakers, acted with recklessness and deliberate indifference constituting a conscious disregard to the clearly established Fourteenth Amendment rights of Plaintiff's Decedent by implicitly ratifying and failing to take any actions to monitor, supervise, stop, correct, or ameliorate these known and ongoing violations of clearly established Fourteenth Amendment rights resulting from the dangerous misuse of County Vehicles by Deputies that proximately caused and resulted in the catastrophic injuries and death of Plaintiff's Decedent including those of his heirs and statutory beneficiaries.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Municipal Liability Official Policy)

63)     All allegations made in the preceding paragraphs are re-alleged as if fully set forth herein.

64)     At all times material to this Complaint, Defendant CCSO, acting by and through their Sheriff, agents, Deputies and policymakers, had official policies as alleged *supra*, of deliberate indifference constituting a conscious disregard to the clearly established Fourteenth Amendment substantive due process rights of rights and safety of the citizens of Charleston County and others on its public roads including Plaintiff's Decedent who came in contact with Deputies engaged in the unlawful misuse of County Vehicles, and documented in the Deputy Driving Data.

65)     These policies were the moving force that caused the injury and death of Plaintiff's Decedent and not only violated his clearly established Fourteenth Amendment substantive due process rights as set forth *supra,* but also violated the substantive due process rights of his heirs and statutory beneficiaries in his familial relationships with the decedents.

## FOR A THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Municipal Liability Unofficial Policy/Custom)

66)    All allegations made in the preceding paragraphs are re-alleged as if fully set forth herein.

67)    At all times material to this Complaint, Defendant CCSO acting by and through their agents and policymakers, including Sheriffs Graziano and Cannon, had unofficial policies and/or customs that were so persistent so as to become standard operating procedure and/or policy, as alleged *supra*, of deliberate indifference constituting a conscious disregard to the clearly established Fourteenth Amendment substantive due process rights and safety of the citizens of Charleston County and others on its public roads including Plaintiff's Decedent who came in contact with Deputies engaged in the dangerous misuse of County Vehicles, including Deputy Barry.

68)    These unofficial policies and/or customs were the moving force that caused the injury and death of Plaintiff's Decedent and not only violated his clearly established Fourteenth Amendment substantive due process rights as set forth *supra,* but also violated the substantive due process rights of his heirs and statutory beneficiaries in his familial relationships with the Decedent.

## FOR A FORTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – Municipal Liability - Inadequate Training & Supervision)

69)    All allegations made in the preceding paragraphs are re-alleged as if fully set forth herein.

70)    As alleged *supra*, Defendant CCSO inadequately trained and supervised employees and agents, including its Deputies as to their use and dangerous misuse of County Vehicles.

71)    The failure to adequately train and/or supervise was done with recklessness and deliberate indifference constituting a conscious disregard to the clearly established Fourteenth Amendment substantive due process rights and safety of the citizens of Charleston County and others on its public roadways including Plaintiff's Decedent who came in contact with Deputies engaged in the dangerous misuse of County Vehicles, including Deputy Jason Barry, especially as Deputy Driving Data easily allowed for supervision and documentation of dangerous misuse by Deputies.

72)    The failure to adequately train and/or supervise Deputies and others regarding the dangerous misuse of County Vehicles by Deputies, including Deputy Jason Barry, was the moving force that caused the injury and death of Plaintiff's Decedent and not only violated his clearly established Fourteenth Amendment substantive due process rights as set forth *supra,* but also violated the substantive due process rights of his statutory beneficiaries in their familial relationships with the Decedent.

## FOR A FIFTH CAUSE OF ACTION
**(Supervisor Liability for Deliberate Indifference to Unconstitutional Conditions Regarding The Use/Misuse of County Vehicles in violation of the 14th Amendment)**

73)    All allegations made in the preceding paragraphs are re-alleged as if fully set forth herein.

74)    Defendants Al Cannon, Kristin Graziano, Lieutenant F. Ferguson, Sergeant C. Covington, Deputy P. Foster, Nicholas Vecchione, Sean Stanton, Mitch Lucas, Capt. R. Williams, Deputy John Doe, Deputy Jack Doe and Deputy Jim Doe had actual or constructive knowledge that the lack of training, instruction, supervision and discipline regarding the substantial, wide-spread and long-standing misuse and abuse of CCSO vehicles by CCSO Deputies presented an unreasonable and pervasive risk of injury to members of the general public, users of the roadways

in and about Charleston County, like Plaintiff's Decedent.

75)    These Defendants' response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the unconstitutional conditions.

76)    As a direct and proximate result of deliberate indifference to the substantial, wide-spread and long-standing misuse and abuse of CCSO vehicles by CCSO Deputies, Plaintiff's Decedent was severely injured and eventually succumbed to those injures and died, as well as Decedent's heirs suffered other harms and losses for which the Plaintiff is entitled to recover in an amount to be determined by a jury at the trial of this action.

77)    That acts and/or omissions, cited above, by all Defendants, were the direct and proximate cause of his injuries in violation of Decedent's 14th Amendment right to due process of law.

### FOR A SIXTH CAUSE OF ACTION
**(Survival Action & Damages)**

78)    All allegations made in the preceding paragraphs are re-alleged as if fully set forth

79)    As a direct and proximate result of any one or more of the acts and/or omissions of any one or more of the Defendants as set forth, *supra*, Plaintiff's Decedent suffered fear, physical pain and suffering, mental and emotional distress and anguish in the time before his death, as well as property damage, and his estate further incurred funeral expenses and are entitled to an award of all damages pursuant to S.C. Code Ann. § 15-5-90 and the common law of South Carolina.

### FOR A SEVENTH CAUSE OF ACTION
**(Wrongful Death Action & Damages)**

80)    All allegations made in the preceding paragraphs are re-alleged as if fully set forth herein.

81)     As a direct and proximate result of any one or more of the acts and/or omissions of any one or more of the Defendants as set forth, *supra*, Plaintiff's Decedent suffered fear, physical pain and suffering, mental and emotional distress and anguish and then died.

82)     As a result of his death, his heirs and statutory beneficiaries have lost his aid, comfort, support, society and companionship, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, and pecuniary losses for which the Plaintiff is entitled to recover, on behalf of the statutory beneficiaries, damages pursuant to S.C. Code Ann.§ 15-51-10, et. seq., and the common law of South Carolina.

### FOR AN ELEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1988

83)     All allegations made in the preceding paragraphs are re-alleged as if fully set forth herein.

84)     Plaintiff is also entitled to reasonable costs and attorney fees pursuant to 42 U.S.C. § 1988 and applicable statutes and laws.

### PUNITIVE DAMAGES

85)     All allegations made in the preceding paragraphs are re-alleged as if fully set forth herein.

86)     Plaintiff is further entitled to punitive damages for the wanton and/or reckless acts and/or omissions of any one or more of the Defendants as alleged herein.

87)     That as a direct and proximate result of these actions these Defendants, Decedent's beneficiaries, as represented by Linda Powell, Personal Representative, have suffered injuries and damages, which have caused, and in the future will cause, said beneficiaries to suffer one or more of the following elements of damage as to the Wrongful Death claim:

    a.  Pecuniary loss;

    b.  Mental shock and suffering;

    c.  Wounded feelings;

    d.  Grief and sorrow including but not limited to the knowledge that Decedent Ronald Jenkins suffered a horrific death as he was alive for some time after the subject collision;

    e.  Loss of companionship; and

    f.  Deprivation of use and comfort of Decedent Ronald Jenkins's society, including loss of Decedent Ronald Jenkins's experience, knowledge, protection, and judgment in managing the affairs of himself and his beneficiaries.

88)    That in addition, as a direct and proximate cause of these Defendants' actions as set out above, Decedent's Survival claim is entitled to recover on behalf of the Decedent's Estate as Decedent suffered injuries and damages in the form of one or more of the following:

    a.  Conscious pain and suffering;

    b.  Disfigurement;

    c.  Suffering;

    d.  Mental anguish;

    e.  Emotional distress;

    f.  Shock and injury to Decedent Ronald Jenkins's nerves and nervous system;

    g.  Loss of enjoyment of life;

    h.  Wrongful death;

    i.  Medical bills, funeral bills, loss of income and other costs and expenses associated with the Constitutional violations perpetrated by the Defendant; and

    j.  In other such particulars as will be ascertained in the discovery process.

89)    That due to the Constitutionally violative actions of the Defendants as set out above, Plaintiff is entitled to recover for the Survival Claim and the Wrongful Death claim on

behalf of the Decedent's statutory beneficiaries actual, compensatory, and punitive damages as determined by a jury.

WHEREFORE, Plaintiff prays for judgment as follows:

1) For compensatory and punitive damages against the Defendants for the violations of these civil rights;

2) For attorneys' fees and the costs of suit necessarily incurred pursuant to 42 USC §1988 against the Defendants; and,

3) And for such other relief as the Court deems just and proper.

**MCGOWAN HOOD FELDER & PHILLIPS, LLC**


s/ Robert V. Phillips                          .
Robert V. Phillips, Esq.
1539 Health Care Drive
Rock Hill, South Carolina 29732
Federal Bar ID: 07653
South Carolina Bar ID: 68458
803.327.7800 - O
rphillips@mcgowanhood.com

**JOYE LAW FIRM, L.L.P.**


s/Mark J. Bringardner
Mark J. Bringardner, Esq.
5861 Rivers Ave.
North Charleston, SC 29406
Federal Bar ID:  12342
South Carolina Bar ID: 102465
843-554-3100 - O
mbringardner@joyelawfirm.com

***Attorneys for Plaintiff***

Rock Hill, South Carolina
May 19, 2023